UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIKA L. VAN CROFT, <br><br> Plaintiff, <br><br> v. <br><br> PATRICK C. HORRELL, et al., <br><br> Defendants. | Civil Action No. 22-3383 (JMC) |

### MEMORANDUM OPINION

Before the Court is Defendants Patrick C. Horrell and Fahrenholz & Horrell L.L.P.'s Motion to Dismiss Plaintiff Erika Van Croft's (AKA Erika Laws[1]) lawsuit. Plaintiff is upset about the outcome of a D.C. Superior Court probate proceeding, *In Re William A. Van Croft IV, No. 2009 INT 000226* ("Sup. Ct. Case")—a matter to which she is not a party and over which this Court has no jurisdiction to intervene. For these reasons and others explained below, the Court grants Defendants' Motion.[2]

**I.   BACKGROUND**

Plaintiff is a resident of Pennsylvania. She filed this suit against Mr. Horrell, a District of Columbia attorney, and his law firm, Fahrenholz & Horrell L.L.P. ECF 1 at 1–2. According to court documents submitted by both Plaintiff and Defendants, Mr. Horrell serves as court-appointed guardian and conservator for William Van Croft IV. ECF 14-2 at 3 (citing Sup. Ct. Case Ord. dated

---

[1] Defendants have submitted court records identifying Plaintiff's name as Erika Laws. *See* ECF 14-2 at 3.
[2] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

7/18/19 at 4); ECF 28-2 at 3. Plaintiff's Complaint refers to Mr. Van Croft as her "son," ECF 1 at 6; court records submitted by Defendants confirm that he is not, *see, e.g.*, ECF 14-2 at 3 (describing Plaintiff as "the former girlfriend of Mr. Van Croft's deceased father").

Plaintiff's suit arises from her profound disagreement with decisions rendered in the long-running probate matter that resulted in Mr. Horrell's appointment. She brings four claims.[3] First, she alleges that Mr. Horrell committed fraud by illegally intercepting Mr. Van Croft's social security survivor's benefits. ECF 1 at 6–8. Second, she claims that Mr. Horrell engaged in "willful and wanton misconduct" by committing other unlawful acts to gain access to Mr. Van Croft's benefits, including by presenting what Plaintiff contends was a fraudulent court order to the Social Security Administration. *Id.* at 8. Third, she contends that Mr. Horrell's actions constitute intentional infliction of emotional distress. *Id.* at 8–9. Finally, she claims that Mr. Horrell defamed her by making unspecified sworn statements (presumably to a court) in August 2021 and other statements to the Social Security Administration in June 2022. *Id.* at 9. For these purported violations, Plaintiff seeks $1,000,000.00 in monetary damages, among other relief. ECF 1 at 4, 9–10.

## II.   LEGAL STANDARD

Defendants move to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF 14 at 1. To survive a motion to dismiss under Federal Rule 12(b)(1), the plaintiff bears the burden of demonstrating subject-matter jurisdiction. *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015). Relevant here, a defect in "standing is a defect in subject matter

---

[3] Plaintiff's Opposition references other claims not identified in her Complaint, but none of them are viable. She invokes 10 U.S.C. § 391(d)(2), *see* ECF 28 at 1–2, but that statute governs "[r]eporting on cyber incidents with respect to networks and information systems of operationally critical contractors and certain other contractors[,]"10 U.S.C. §§ 391(d)(2), and is inapplicable to any allegation she makes here. Her Opposition also references the Federal Tort Claims Act ("FTCA"), *see* ECF 28 at 2, but that statute authorizes suits against the United States for the tortious conduct of federal employees, 28 U.S.C. § 1346(b)(1), which Defendants are not.

jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). In resolving the motion, a court must accept as true the factual allegations in the complaint and "construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged and upon such facts determine jurisdictional questions." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011). However, a court need not "accept inferences unsupported by the facts or legal conclusions that are cast as factual allegations." *Schmidt v. U.S. Capitol Police Bd.*, 826 F.Supp.2d 59, 65 (D.D.C. 2011). Further, a court may consider materials outside the pleadings to determine its jurisdiction. *See Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on such a motion, a court is limited to considering the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which a court may take judicial notice, and matters of public record. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). And a court "may take judicial notice of another court's proceedings." *Donelson v. Bureau of Prisons*, 82 F. Supp. 3d 367, 371 (D.D.C. 2015), *aff'd*, No. 15–5136, 2015 WL 9309944 (D.C. Cir. Dec. 7, 2015).

### III. ANALYSIS

#### A. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims Related to Mr. Van Croft's SSA Benefits

This Court has no jurisdiction to review the probate court's judicial orders, and Plaintiff has no standing to challenge Mr. Horrell's management of Mr. Van Croft's survivor benefits. Records from the Superior Court probate proceeding confirm that Mr. Horrell is a court-appointed fiduciary, serving on behalf of Mr. Van Croft as a guardian and conservator. *See* ECF 14-2 at 21

(citing Sup. Ct. Case Ord., dated 12/13/18; Sup. Ct. Case Ord., dated 7/18/19); *id.* at 8 (citing Sup. Ct. Ord., dated 7/18/19). As such, he is obligated to manage Mr. Van Croft's financial affairs, including his SSA benefits, *id.* (citing Ct. Case. Ord., dated 7/18/19), which are deposited and held in a Special Needs Trust, *id.* at 21 (citing Sup. Ct. Case Ord., dated 9/11/17; Sup. Ct. Case Ord., dated 1/18/18). Plaintiff has already filed many unsuccessful challenges to the arrangement of Mr. Van Croft's conservatorship, including by attempting to litigate the allegations she raises in this case. *See*, *e.g., id.* at 4, 20–22. The D.C. Superior Court has resolved these matters, *see id.*, and this Court has no jurisdiction to review or interfere with those orders, *see Richardson v. Dist. of Columbia Ct. of App.*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *D.C. v. Feldman*, 460 U.S. 462, 476 (1983)). Almost all of Plaintiff's claims are "significantly intertwined," with Mr. Van Croft's probate matter in Superior Court, *Kennedy-Jarvis v. Wells*, 113 F. Supp. 3d 144, 150 (D.D.C. 2015), and this Court cannot, and will not, second guess the determination of a Superior Court judge that Mr. Horrell is an appropriate conservator with authority to manage Mr. Van Croft's finances, *see Lewis v. Parker*, 547 U.S. 293, 194 n.2 (D.D.C. 2014) (federal courts do not have jurisdiction over claims which attempt to "administer an estate, probate a will, or do any other purely probate matter") (quoting *Marshall v. Marshall*, 547 U.S. 293, 311 (2006)).

Plaintiff does not have standing to bring claims relating to Mr. Van Croft's benefits, in any event. A plaintiff must assert her own legal rights and interests in a lawsuit. Plaintiff cannot claim damages for injuries she claims to have suffered because of the alleged mishandling of someone else's finances. She argues that she has the authority to bring this suit on Mr. Van Croft's behalf under Federal Rule of Civil Procedure 17(a)(1)(C). ECF 28-1 at 12; *see also* Fed. R. Civ. P. 17(a)(1) (describing the kinds of people, including guardians and executors, who may sue on behalf of another without joining the person for whose benefit the action is brought). Not so.

4

Plaintiff is not Mr. Van Croft's legal guardian, she has not established that she has any other legal authority to act for him, and a court has already appointed Mr. Horrell to act on Mr. Van Croft's behalf. *See* ECF 14-2 at 8 (citing Sup. Ct. Ord., dated 7/18/19). Plaintiff is not the proper party to bring claims related to Mr. Van Croft's benefits and this is not the forum to raise them. Accordingly, Plaintiff's claims related to fraud, including for what she describes as "willful and wanton misconduct," and intentional infliction of emotional distress (IIED) are dismissed pursuant to Rule 12(b)(1).

### B. Plaintiff has Failed to State a Claim

The Court also finds that Plaintiff's Complaint fails to state a claim—with respect to the claims identified above and Plaintiff's remaining claim for defamation.

First, even if her Complaint could overcome the jurisdictional hurdles the Court has already outlined, she has stated no claim for fraud. To satisfy the heightened pleading standard for fraud, a plaintiff must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This pleading requirement includes matters such as the "time, place and content of the false misrepresentations, the fact misrepresented, and what was retained or given up as a consequence of the fraud." *United States ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004). Here, Plaintiff sets forth, at best, boilerplate allegations contending that Mr. Horrell presented "a falsified court order" and provided "perjurious statements" to the SSA, the Superior Court, and other federal officials. ECF 1 at 8. Again, Plaintiff has no standing, and the Court has no authority, to adjudicate Plaintiff's claims that essentially challenge the Superior Court's appointment of Mr. Horrell's appointment as Mr. Van Croft's conservator. But these allegations also fail to meet the heighted pleading standard because they do not provide the

required specificity, including the content of the purportedly false representations. Thus, Plaintiff's fraud and other "wanton misconduct" claims for allegedly fraudulent behavior are dismissed.

Second, Plaintiff's IIED claim also falls short. To state a claim for IIED, a plaintiff must allege "(1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff to suffer severe emotional distress." *Ortberg v. Goldman Sachs Grp.*, 64 A.3d 158, 163 (D.C. 2013). The Complaint includes only bare recitations of the applicable legal standards and does not allege that Defendants engaged in the type of conduct, or that Plaintiff suffered the type of injury, that would allow her claim to proceed.

Finally, Plaintiff fails to state a claim for defamation. Plaintiff alleges that Defendants "knowingly and purposely defamed and slandered [her]" with "written statements" "in August 2021" and "to the SSA on June 27, 2022." ECF 1 at 9. But her Complaint does not allege what those statements were or even that the unspecified statements were false. The Court gathers that Plaintiff is upset that Mr. Horrell has held himself out as Mr. Van Croft's court-appointed guardian, but that is, in fact, Mr. Horrell's title. *See* ECF 14-2 at 8 (citing Sup. Ct. Ord., dated 7/18/19); *id.* at 21 (citing Sup. Ct. Case Ord., dated 12/13/18; Sup. Ct. Case Ord., dated 7/18/19). Nor is that the type of statement that would damage Plaintiff's reputation or otherwise constitute defamation. Further, D.C. law provides a one-year limitations period for defamation claims. *See* D.C. Code § 12-301(a)(4); *Maupin v. Haylock*, 931 A.2d 1039, 1041–42 (D.C. 2007). So, Plaintiff's claim concerning statements allegedly made in August 2021 could not go forward even if she could state a claim.

## IV.   CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss, ECF No. 14, is **GRANTED**. A separate Order will be issued contemporaneously.

**SO ORDERED**.

DATE: October 17, 2023

_____
Jia M. Cobb
U.S. District Court Judge